THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLAND AMERICA LINE N.V.,<br><br>    Defendant. | CASE NO. C23-1940-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for an order to show cause or in the alternative for dismissal. (Dkt. No. 22.) Having thoroughly considered the briefing and record, the Court GRANTS the motion in part and DISMISSES this case *without* prejudice for the reasons described here.

Under Federal Rules Civil Procedure 41(b), "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." On January 14, 2025, following Plaintiff's counsel's withdrawal from this personal injury admiralty action, (*see* Dkt. No. 20), the Court stayed this matter for 60 days for Plaintiff to obtain replacement counsel and/or advise the Court that Plaintiff wishes to proceed pro se. (Dkt. No. 21.) Plaintiff took no action since then.

As a result, Defendant now moves for an order to show cause or, in the alternative, for dismissal of this matter with prejudice. (Dkt. No. 22.) Despite proper service of Defendant's

ORDER
C23-1940-JCC
PAGE - 1

motion, (*see id.* at 4), and the Court's own attempt to contact Plaintiff regarding the same, (*see* Dkt. No. 23 at 1), Plaintiff has failed to appear, contact the Court, or otherwise oppose Defendant's motion.[1] Thus, the Court is left with no choice but to dismiss this matter. Nevertheless, because the dismissal is on purely procedural grounds, it does so *without* prejudice. Accordingly, the Court GRANTS Defendant's motion in part, as described above.

It is so ORDERED this 3rd day of November 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Under Local Rule 41(b), "The plaintiff in any such action shall be given an opportunity to show cause in writing, or at the court's election in open court, why the case should not be dismissed."